UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN EMBRY** | : | Case No.: |
| Plaintiff, | : | Judge: _____ |
| vs. | : | |
| **SIMON & SIMON, PC** | : | **COMPLAINT WITH** <u>**JURY DEMAND**</u> |
| and | : | |
| **MARC I. SIMON** | : | |
| and | : | |
| **JOHN DOES 1 – 3** | | |
| Defendants. | | |

Plaintiff John Embry ("Embry"), through counsel, for his Complaint against Defendants Simon & Simon, PC ("S&S"), Marc I. Simon ("Simon"), and John Does 1 through 3 ("Does 1 – 3"), states as follows:

## **PARTIES**

1. Plaintiff Embry is an individual domiciled in the State of Ohio.

2. Upon information and belief, at all relevant times, Defendant S&S was and is a professional corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 1818 Market Street, Suite 2000, Philadelphia, Pennsylvania 19103. Upon information and belief, Defendant S&S is domiciled in the State of Pennsylvania.

3. Upon information and belief, at all relevant times, Defendant Simon is an attorney licensed in the State of Pennsylvania and a shareholder of Defendant S&S.

4. Defendants Does 1 – 3 are fictitious names given to persons or entities whose identity and residence is not known at the present time, but who may hereafter be discovered to have participated in the acts complained of herein and contributed to the Plaintiff's injury.

5. Upon information and belief, at all relevant times, Defendant Simon and Defendants Does 1 – 3 were, and now are, attorneys at law, duly admitted and licensed to practice law in the State of Pennsylvania employed by Defendant S&S and are domiciled in the State of Pennsylvania.

6. Plaintiff Embry is ignorant of the true names and capacities of the Defendants sued herein as Does 1 – 3, inclusive, and therefore sues these Defendants by fictitious names.  Plaintiff Embry will amend this Complaint to allege the true names and capacities of Does 1 – 3, inclusive, when Plaintiff ascertains the identities of such Defendants.  Plaintiff Embry is informed and believes that each of these Defendants Does 1 – 3 is responsible in some manner for the acts and omissions which damaged Plaintiff, and that Plaintiff's damages as alleged herein were proximately caused by their actions or omissions.

7. Upon information and belief, Defendants Does 1 – 3 were the agents and/or employees of each of the other Defendants, and in doing the things herein alleged, were acting within the scope of said agency and/or employment, in that the actions of each of the Defendants as herein alleged were authorized, approved, and/or ratified by each of the other Defendants as principals and/or employers.

## JURISDICTION

8. This Court has original jurisdiction over this action under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interests.

9. Jurisdiction over Defendant S&S is proper because Defendant S&S transacts business within the State of Ohio and has contracted to supply services in the State of Ohio, including maintaining satellite offices located in Cincinnati, Cleveland, Columbus and Youngstown, Ohio.

10. Jurisdiction over Defendant Simon is proper because Defendant Simon transacts business within the State of Ohio and has contracted to supply services in the State of Ohio.

11. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the district and this Court has personal jurisdiction over the Defendants.

12. Plaintiff Embry was the victim of a traffic accident on September 18, 2016 in which he was struck as a pedestrian by a vehicle driven by Shu Guang Wu while Plaintiff was working as a contractor at the home of Bo Liu in the State of Pennsylvania.

13. Plaintiff Embry retained Defendant S&S to represent him in relation to the severe injuries that he sustained as a result of the accident, with an applicable 2-year statute of limitations.

14. Plaintiff Embry was forced to move back to Ohio to be closer to family because of the severity of his injuries, which prevented him from working; Plaintiff Embry continues to be domiciled in the State of Ohio to this day and is still unable to work due to the permanent nature of his injuries.

15. Defendant S&S, through Defendants Simon and Does 1 – 3, filed a civil lawsuit (Case No. 2017-29479) against Mr. Liu in Montgomery County Court of Common Pleas in the State of Pennsylvania on December 29, 2017.

16. On or around February 1, 2018, Mr. Liu filed his Answer and on or around February 26, 2018, Mr. Liu's attorney, in response to discovery requests propounded by Defendants, identified Mr. Wu as the actual driver of the vehicle that struck Plaintiff Embry on September 18, 2016.

17. Contemporaneously therewith, Mr. Liu propounded discovery requests upon Plaintiff Embry by serving the same on Defendants.

18. For unknown reasons, at that time, Defendants stopped working on Plaintiff Embry's case; Defendants did not inform Plaintiff Embry that there were outstanding discovery requests and failed to forward Mr. Liu's responses to Plaintiff Embry for his review, resulting in Mr. Embry not knowing about Mr. Wu's identity as the actual driver of the vehicle.

19. On or around April 16, 2018, Mr. Liu's attorney filed a motion to compel discovery; Defendants again failed to inform Plaintiff Embry of the motion, failed to forward the motion to Plaintiff Embry, and did not bother to file a response on Plaintiff Embry's behalf.

20. Throughout that period, Defendants ignored all inquiries from Plaintiff Embry requesting updates on his case; in fact, Defendants did not communicate with Plaintiff Embry at all for months.

21. On or around May 21, 2018, the judge in the civil case granted Mr. Liu's motion to compel.

22. Upon information and belief, Defendants finally responded to the discovery requests due to the motion to compel being granted, but subsequently went back to ignoring Plaintiff Embry and his case for almost a year until March 20, 2019, when Defendants received a subpoena from the court; however, the applicable statute of limitations ran on September 18, 2018.

23. During the long period of inactivity from May 2018 to March 2019, Defendants ignored all of Plaintiff Embry's requests for updates and missed the statute of limitations cutoff to amend the complaint to name the proper party, Mr. Wu, or to take any other action to preserve Plaintiff Embry's legal rights.

24. On or around April 29, 2019, in response to numerous inquiries by Plaintiff Embry, Defendant Simon wrote a letter to Plaintiff Embry acknowledging that Defendants had failed to preserve Plaintiff Embry's legal rights within the applicable statute of limitations, though Defendant Simon planned to file a negligence action against Mr. Wu, maintaining at that time that there was still opportunity to do so despite the strong case law against such an action.

25. Defendant Simon filed a new civil action (Case No. 2019-08156) against Mr. Wu on or around April 30, 2019 while the case against Mr. Liu continued.

26. On August 14, 2019, Mr. Wu moved for summary judgment based on the lack of timeliness of the action; the court granted Mr. Wu's motion for summary judgment on October 28, 2019, following which the original action against Mr. Liu remained open.

27. Defendants filed motions to withdraw as Plaintiff Embry's counsel on December 11, 2019 on the original action, Case No. 2017-29479, but did not serve said motion to withdraw on Plaintiff Embry until December 18, 2019.

28. The court granted Defendants' motion to withdraw on January 10, 2020 and Defendants officially withdraw from Case No. 2017-29479 as Plaintiff Embry's attorneys on January 14, 2020.

29. Without Defendants' legal counsel, Plaintiff Embry sought out opinions from other attorneys regarding the possibility of recovery against Mr. Liu or Mr. Wu, but ultimately discovered that it would not be possible; only then did Plaintiff Embry fully understand that his original claims had been extinguished.

30. Case No. 2017-29479 was ultimately dismissed on August 5, 2020.

## COUNT I

(Breach of Contract against All Defendants)

31. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

32. By engaging in the conduct set forth in the foregoing paragraphs, Defendants breached their contract for the provision of legal services to Plaintiff Embry.

33. Plaintiff Embry put Defendants on reasonable notice of their default under the legal services contract.

34. As a direct and proximate result of Defendants' breach, Plaintiff Embry suffered damages in an amount in excess of $75,000 to be determined at trial.

## COUNT II

(Legal Malpractice against all Defendants)

35. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

36. Defendants each failed to exercise reasonable care and skill in their representation of Plaintiff Embry by negligently and carelessly doing all of the acts and omissions as herein alleged. Among other things, Defendants failed to exercise reasonable care and skill and were negligent in failing to properly instigate a civil lawsuit against Mr. Wu within the applicable statute of limitations; failed to properly advise Plaintiff Embry as to his ability to seek legal remedies within specific periods of time as prescribed by applicable statute of limitations; failed to maintain reasonable contact with Plaintiff Embry; and generally mishandled and mismanaged Plaintiff Embry's case.

37. By engaging in the conduct set forth in the foregoing paragraphs, Defendants each repeatedly and intentionally put their own interests ahead of the interests of their client.

38. As a direct and proximate result of the aforementioned negligence and/or intentional failures of the Defendants, Plaintiff Embry's ability to seek legal remedies against Mr. Wu were forever extinguished, causing continued damages to Plaintiff Embry in an amount in excess of $75,000 to be determined at trial.

## COUNT III

(Breach of Fiduciary Duty against All Defendants)

39. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

40. Defendants each owed Plaintiff Embry a fiduciary duty to act at all times in good faith and in Plaintiff Embry's best interests, and had a duty, among other things, to perform the services for which they were retained with reasonable care and skill, to act in Plaintiff Embry's highest and best interests at all times, and to not expose Plaintiff Embry to any unnecessary risk or peril. This fiduciary relationship was never repudiated by Defendants at any time herein mentioned.

41. Defendants each breached their fiduciary duties and obligations to Plaintiff Embry by doing all the acts and omissions as herein alleged. Among other things, Defendants breached their duty by

failing to properly counsel and advise Plaintiff as to his rights to seek legal remedies against Mr. Wu only within the time limits as prescribed by the applicable statute of limitations, and by placing their interests ahead of Plaintiff's when attempting to delay Plaintiff's recovery for such failures by filing a baseless legal action against Mr. Wu after the statute of limitations had already passed, solely in an effort to shield themselves from liability for mishandling Plaintiff's case.

42. The acts and omissions constituting breach of Defendants' fiduciary duties were committed with oppression, fraud and/or malice. As a result, Plaintiff Embry, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing Defendants.

43. As a direct and proximate result of the aforementioned breach of their fiduciary duties by Defendants, Plaintiff Embry has been and continues to be damaged in an amount in excess of $75,000 to be determined at trial.

## COUNT IV

(Vicarious Liability)

44. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

45. At all times relevant, Defendant Simon and Defendants Does 1 – 3 were employed by as agents of Defendant S&S. Defendant S&S directly supervised and controlled Defendant Simon and Defendants Does 1 – 3 when they engaged in the unlawful conduct described herein in the course and scope of their employment.

46. Defendants' wrongful acts were foreseeable and Defendant S&S knew or should have known of the wrongful acts. Defendant S&S is liable for the wrongful conduct of Defendant Simon and Defendants Does 1 – 3 under the law of vicarious liability, including the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff John Embry requests judgment against all Defendants, jointly and severally, for the following:

    A.    Compensatory damages according to proof;

    B.    Consequential damages according to proof;

    C.    Incidental damages;

    D.    Punitive damages;

    E.    Attorney's fees and costs;

    F.    Pre- and post-judgment interest on all amounts as permitted by law at the highest legal rate from and after the date of service of the Complaint in this action; and

    G.    Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ John Hui Li
John (Hui) Li (#0082661)
JHL LEGAL LLC
3209 Carrier Ave.
Dayton, Ohio 45429
Telephone:  513-502-4646
jli@jhllegal.com

*Trial Attorney for Plaintiff John Embry*