UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN EMBRY,

    Plaintiff,

vs.

SIMON & SIMON, P.C., *et al.*,

Defendants.

Case No. 3:21-cv-233

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

_____

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE (Doc. No. 12); AND (2) DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 8)**

_____

Plaintiff John Embry ("Embry"), an Ohio resident, brings multiple malpractice claims against two Defendants: the Philadelphia, Pennsylvania law firm of Simon & Simon, P.C.; and one of its partners, Pennsylvania resident Mark Simon, Esq. (together, "Simon & Simon"). Doc. No. 1 at PageID 1; Doc. No. 7 at PageID 24–25. Two motions are before the Court. Embry—through counsel—moves to transfer this case to the United States District Court for the Eastern District of Pennsylvania ("Eastern District of Pennsylvania"). Doc. No. 12; 28 U.S.C. §§ 1404, 1406. Simon & Simon oppose transfer and instead, having filed an Answer (Doc. No. 7), now move for judgment on the pleadings. Doc. No. 8; Fed. R. Civ. P. 12(c). Both motions are fully briefed and ripe for review. Doc Nos. 8, 12, 14, 15, 16, 17.

**I.**

Embry first sued Simon & Simon in this Court on December 15, 2020. *See Embry v. Simon & Simon, P.C., et al.*, No. 3:20-cv-496, Doc. No. 1 (S.D. Ohio Dec. 15, 2020). Embry failed to timely serve Simon & Simon and, after he declined to show cause why service was not perfected,

the Court dismissed his complaint without prejudice under Fed. R. Civ. P. 41(b) on July 1, 2021. *See id.* at Doc. Nos. 4, 7.[1]

Embry refiled his malpractice lawsuit against Simon & Simon on August 26, 2021. Doc. No. 1. Simon & Simon, in their motion for judgment on the pleadings, argue Ohio's one-year malpractice statute of limitations bars Embry's claim. Doc. No. 8 at PageID 97–111. In response, Embry argues that deciding this issue at this stage is untimely. Doc. No. 15 at PageID 139–40.

Embry alternatively urges the Court to transfer this matter to the Eastern District of Pennsylvania. Doc. No. 12. He believes Pennsylvania's two-year statute of limitations for malpractice will apply if the case is transferred. *Id.*; Doc. No. 16 at PageID 149–51. Simon & Simon oppose, arguing: (1) venue is proper in this Court; (2) Embry laid venue in Ohio, his home state, after he filed suit twice here; and (3) Ohio's statute of limitations will, nonetheless, apply on transfer, rendering his primary argument moot. *See* Doc. No. 14 at PageID 128–31.

The Court will review the parties' arguments in turn.

**II.**

Under 28 U.S.C. § 1391(b)(1), venue is proper in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" For venue purposes, a defendant corporation "resides" in any district where that court could subject it to personal jurisdiction with respect to the action in question. 28 U.S.C. § 1391(c)(2). Thus, venue is proper in this district if the Court can exercise personal jurisdiction over Simon & Simon. *See, e.g.*, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993); *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046–48 (S.D. Ohio 2002).

---

[1] The Court notes that, at this juncture, it is not clear if Embry's complaint is, or is not, time-barred. *See infra* Part IV.

2

Two statutes governing venue transfer are relevant here: 28 U.S.C. §§ 1404 and 1406.[2] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). If venue is proper in the transferor court, then § 1404(a) applies. *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Section 1406(a) applies if venue is improper in the transferor court.[3] 28 U.S.C. § 1406(a). When deciding whether to transfer under § 1404(a), the Court must decide if the action "might have been brought" in the transferee court. *Sky Tech. Partners, LLC v. Midwest Rsch. Institute*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000) (first citing *Cont'l Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 80 (1960); and then citing *Neff Athletic Lettering Co. v. Walters*, 524 F. Supp. 268, 271 (S.D. Ohio 1981)). This means the transferee court must: (1) have subject matter jurisdiction; (2) be a proper venue; and (3) ensure the defendant is amenable to process issuing from the transferee court. *Id.*

If the Court transfers the case under § 1404(a), the law of the transferor state applies wherever the case is transferred. *Van Dusen*, 376 U.S. at 642. A transferee court sitting in diversity must apply the substantive law—including the choice-of-law rules, savings statutes, and statutes of limitations—of the transferor state to the transferred case. *Id.*; *see also, e.g.*, *K-Tek, LLC v. Cintas Corp.*, 693 F. App'x 406, 409–10 (6th Cir. 2017).[4]

---

[2] A separate statute which does not apply here, 28 U.S.C. § 1631, permits a district court to transfer a case "in the interest of justice" to cure a jurisdictional defect that prevents the transferor court from hearing the case.

[3] Section 1406(a) permits transfer "if it be in the interest of justice" of a case filed in the wrong venue "to any district or division in which it could have been brought" in lieu of dismissal. 28 U.S.C. § 1406(a). The Court weighs the same factors pertinent for a § 1404(a) transfer, but the difference lies in which state's law applies on transfer. *Cf. Pratt v. Grayhound Lines, Inc.*, No. 1:09-cv-272, 2010 WL 703109, at *2 (E.D. Tenn. Feb. 24, 2010) (same factors apply to transfer motions under either statute except for the applicability of the transferor court's statute of limitations).

[4] Under § 1406, the law of the transferee state applies to the transferred case. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015) (citing *Martin v. Stokes*, 623 F.2d 469, 473 (6th Cir. 1980)).

Section 1404(a) accords broad discretion to a district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). Venue transfer is appropriate when it would "prevent wastes of time, energy and money, as well as . . . protect the litigants, witnesses and the public against unnecessary inconvenience and expense." *Zimmer Enters., Inc. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) (citing *Van Dusen*, 376 U.S. at 642). "[T]he right to a [venue] transfer . . . is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer." *Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 465 (6th Cir. 2011) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782 (6th Cir. 1961)) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3844 (3d ed. 1989)). When deciding whether to transfer, the Court may consider:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Zimmer Enters., Inc.*, 478 F. Supp. 2d at 990 (quoting *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991)). "For a change of venue to be appropriate, the balance of convenience must weigh heavily in favor of the transfer; § 1404(a) is not intended to shift an action to a forum likely to prove equally convenient or inconvenient." *Kuvedina, LLC v. Cognizant Tech. Sols.*, 946 F. Supp. 2d 749, 761 (S.D. Ohio 2013) (citing *Van Dusen*, 376 U.S. at 645–46). Moreover, "[w]hile . . . a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998) (citing *DeMoss v. First Artists Prod. Co.*, 571 F. Supp. 409, 413 (N.D. Ohio 1983)).

The Court must also balance private and public interest factors when deciding whether to transfer. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). Private interest factors include, *inter alia*, convenience, saving costs, access to evidence and witnesses, and expedient resolution. *See Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945–46 (S.D. Ohio 2002) (citations omitted). Public interest factors include "[d]ocket congestion," along with "the nature of the suit . . . and the residence of the parties." *Id.* (citations omitted). "The moving part[y] . . . ha[s] the burden of establishing the need for a transfer of venue" based on these factors. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012) (citing *Jamhour*, 211 F. Supp. 2d at 944–45).

### III.

Transfer is unwarranted for three reasons. First, venue is proper in Ohio. Second, Ohio's statute of limitations would apply upon transfer, so Embry's sole argument for transfer is moot. Third, all relevant factors favor retention.

    A.    **28 U.S.C. § 1404 Applies**

Embry's motion does not specify whether he seeks transfer under 28 U.S.C. §§ 1404 or 1406. *See* Doc. No. 12 at PageID 121 ("Plaintiff . . . moves this Court, pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406(a) to [sic] the United States District Court for the Eastern District of Pennsylvania"). Thus, the Court must first clarify which statute applies here. The answer is § 1404(a) because venue is proper both here and in the Eastern District of Pennsylvania.

Personal jurisdiction, as a defense, is waived if not timely raised. *See* Fed. R. Civ. P. 12(h). Simon & Simon never contested personal jurisdiction in their answer or in a motion and, therefore, waived it as a defense. *See* Doc. No. 7 at PageID 25. Thus, the Court can exercise personal jurisdiction over Simon & Simon "with respect to the civil action in question," meaning that venue is proper in this Court. 28 U.S.C. § 1391(c)(2); *see also Centerville ALF, Inc.*, 197 F. Supp. 2d at

5

1046–48 (corporation that waived personal jurisdiction made venue proper in that district because its waiver made it subject to jurisdiction in that district).

Embry could have sued Simon & Simon in the Eastern District of Pennsylvania. That court would have subject matter jurisdiction over this diversity case. *See* 28 U.S.C. § 1332(a). Simon & Simon are subject to general personal jurisdiction there, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, --- U.S. ---, 141 S. Ct. 1017, 1024 (2021) (citations omitted), and a substantial part of the events at issue transpired there. *See* Doc. No. 1 at PageID 1–5; 28 U.S.C. § 1391(b)(2). Venue would also be proper in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(b)(2). Therefore, § 1404(a) applies, so the law of the transferor court would apply on transfer.

### B. The Law of the Transferor Court Applies

Embry's sole justification for transfer is to avoid Ohio's one-year statute of limitations and take advantage of Pennsylvania's two-year statute of limitations. *See* Doc. No. 12 at PageID 122; Doc. No. 16 at PageID 149. This overlooks, however, that the transferee court applies the law of the transferor court. *See Van Dusen*, 376 U.S. at 642–43; *K-Tek, LLC*, 693 F. App'x at 409–10; *cf. Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009) ("[P]laintiff, having engaged in the misuse of the court's processes, should not be permitted by means of a transfer to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first place" (internal quotations omitted)). Ohio's statute of limitations applies on transfer under § 1404(a). *See, e.g.*, *K-Tek, LLC*, 693 F. App'x at 409. Therefore, Embry's sole argument is moot. The Court turns next to the remaining § 1404(a) factors.

### C. The Remaining § 1404(a) Factors Favor Retention

Venue transfer is appropriate when "the balance of convenience . . . weigh[s] heavily in favor of the transfer" and the interest factors, on balance, favor transfer. *Kuvedina*, 946 F. Supp. 2d at 761 (citing *Van Dusen*, 376 U.S. at 645–46). After reviewing Embry's motion—which

6

satisfies neither requirement—the Court finds that convenience and the transfer factors favor retention.

Embry's new choice of forum (the Eastern District of Pennsylvania) is "not dispositive," *Lewis*, 135 F.3d at 413, and by moving to transfer, he intends to "simply shift inconvenience . . . to [Simon & Simon]," *Kettering Adventist Healthcare v. Jade Designs, LLC*, No. 3:21-cv-136, 2021 WL 4844082, at *9 (S.D. Ohio Oct. 18, 2021) (citation omitted); *see also Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc.*, 138 F.R.D. 89, 92–93 (N.D. Ohio 1991) (Batchelder, J.). It will not be inconvenient to obtain proof or witness attendance, in this legal malpractice case, because Simon & Simon will provide most of the relevant witnesses and necessary discovery. *Cf. RFF Fam. P'ship, LP v. Wasserman*, No. 1:07-cv-1617, 2010 WL 420014, at *11 (N.D. Ohio Jan. 29, 2010) (where the defendants were only likely witnesses in legal malpractice claim, their choice of where to litigate held meaningful weight under § 1404(a)). Convenience for the parties favors retention, as Simon & Simon prefers litigating here, and Embry lives in Dayton. Doc. No. 1 at PageID 1; *see also, e.g.*, Doc. No. 14 (Simon & Simon's opposition memoranda to Embry's motion to transfer venue). Thus, convenience does not "weigh heavily in favor of . . . transfer" here. *Kuvedina*, 946 F. Supp. 2d at 761 (citing *Van Dusen*, 376 U.S. at 645–46).

Moreover, no relevant private or public interest factor favors transfer. "[C]ongestion of this Court's docket does not currently support transfer." *Dayton Superior Corp.*, 288 F.R.D. at 169. Resolving this case in this Court—after Embry filed twice here—will be expedient because "transfer . . . would probably delay the final resolution" significantly. *Steelcase, Inc. v. Mar-Mol Co.*, 210 F. Supp. 2d 920, 942 (W.D. Mich. 2002). Finally, retention will save "substantial costs to the judicial system" that may be squandered if the Court needlessly transfers this case. *Stanifer*,

7

564 F.3d at 460 (affirming denial of motion to transfer venue based on plaintiff's mistaken statute of limitations argument).

Therefore, the Court will retain this case. The Court turns next to Simon & Simon's motion for judgment on the pleadings. Doc. No. 8.

## IV.

Motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are analyzed under the same standard as motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581–82 (quotation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential [non-conclusory] allegations respecting all the material elements under some viable legal theory." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although Ohio's one-year statute of limitations applies, the Court states this without deciding whether the statute of limitations bars Embry's claim. At what time Embry's claim began to accrue and whether his claim was timely filed in the first instance (or is timely filed now) are

8

factual inquiries to be determined during discovery. *See, e.g.*, *Webster v. Spears*, 664 F. App'x 535, 538–40 (6th Cir. 2016); *Omni-Food & Fashion, Inc. v. Smith*, 528 N.E.2d 941, 944–45 (Ohio 1988). To that end, the Court believes that the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Webster*, 664 F. App'x at 538–40. Proceeding in this manner will ensure that the Court reviews these arguments only after discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021).

## V.

For these reasons, Embry's motion to transfer venue (Doc. No. 12) and Simon & Simon's motion for judgment on the pleadings (Doc. No. 8) are both **DENIED**. An order setting a preliminary pretrial scheduling conference shall issue by separate entry.

**IT IS SO ORDERED.**

Date:  April 4, 2022             s/Michael J. Newman
                                 Hon. Michael J. Newman
                                 United States District Judge