UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN EMBRY,

    Plaintiff,

vs.

SIMON & SIMON, P.C., *et al.*,

    Defendants.

Case No. 3:21-cv-233

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

_____

**ORDER: (1) GRANTING DEFENDANTS' UNOPPOSED MOTION TO BIFURCATE (Doc. No. 23); AND (2) SETTING A LIMITED DISCOVERY AND BRIEFING SCHEDULE ON THE APPLICABILITY OF THE STATUTE OF LIMITATIONS**
_____

This civil case is before the Court on Defendants Marc Simon and Simon & Simon, P.C.'s (collectively, "Simon & Simon") unopposed motion to bifurcate under Fed. R. Civ. P. 42(b). Doc. No. 23. After Plaintiff John Embry ("Embry") failed to indicate whether he intended to oppose this motion, the Court issued a show cause order requiring Embry to respond. Doc. No. 27. Embry, in his eventual response, stated that he did not oppose Simon & Simon's motion. Doc. No. 29. This unopposed motion is now ripe for review.

    The facts of this legal malpractice case—involving Simon & Simon's legal representation of Embry in a negligence lawsuit in a Pennsylvania state court—are detailed more fully in the Court's prior order. *See* Doc. No. 18. Only a few facts are relevant here. Embry has sued Simon & Simon alleging that, when they previously represented him, they failed to file suit within the statute of limitations. *See* Doc. No. 1. In their Rule 12(c) motion for judgment on the pleadings in the present case, Simon & Simon argued that Embry's current legal malpractice suit is also barred because he filed suit after Ohio's statute of limitations for legal malpractice claims expired.

*See* Doc. No. 8. The Court, in its prior order, noted that Ohio law would apply in this case. Doc. No. 18 at PageID 167. Simon & Simon now seeks to bifurcate this case solely on the statute of limitations, alleging that whether it bars the present suit is an issue that must be addressed before the merits can be addressed. Doc. No. 23 at PageID 185–86.

If a motion is unopposed, the movant must satisfy their burden "even if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (citations omitted); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir. 1998); *Home-Owners Ins. Co. v. Allied Prop. & Cas. Ins. Co.*, 152 F. Supp. 3d 956, 968 (W.D. Mich. 2016). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims[.]" Fed. R. Civ. P. 42(b). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citations omitted). The party requesting bifurcation (here, Simon & Simon) bears the burden of demonstrating that it is warranted. *See Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1148 (S.D. Ohio 2021). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556.

Simon & Simon argues that bifurcation is necessary for both efficiency and convenience. Doc. No. 23 at PageID 186. They contend that the statute of limitations on Embry's legal malpractice claim is a threshold issue; therefore, determining whether this case may proceed at all before full discovery would save time and resources. *Id.* As mentioned, Embry does not oppose Simon & Simon's motion. *See* Doc. No. 29.

Ultimately, the Court concurs with both sides that bifurcation is appropriate. Whether Embry's claim is barred by the statute of limitations is a threshold matter that deserves resolution prior to full discovery. *See Yung v. Raymark Indus.*, 789 F.2d 397, 400–01 (6th Cir. 1986) (district

court properly bifurcated case by trying statute of limitations issue first because resolving that issue first could dispose of the entire claim, minimizing time and resources). Resolving the statute of limitations issue first "would not only promote judicial economy, but also limit litigation expenses, avoid confusion of the issues, and prevent undue prejudice." *Yacub v. Sandoz Pharms. Corp.*, 85 F. Supp. 2d 817, 828 (S.D. Ohio 1999). Moreover, adhering to a limited schedule for discovery and dispositive motions—as the Court sets in further detail below—will ensure that the parties resolve this issue quickly. *See Yung*, 789 F.2d at 401 ("Therefore, separate trials on a statute of limitations issue are particularly appropriate" (citations omitted)); *Yacub*, 85 F. Supp. 2d at 828 (granting unopposed motion to bifurcate on whether Ohio's statute of limitations barred product liability claim); *see also, e.g.*, *Young v. Mentor Worldwide LLC*, 312 F. Supp. 3d 765, 768 (E.D. Ark. 2018) ("[Defendant]'s statute of limitations defense is potentially dispositive, and a preliminary trial will not consume the time and expense necessary for a trial on the merits").

For the reasons stated, the Court **GRANTS** Simon & Simon's unopposed motion to bifurcate. Doc. No. 23. The Court sets the following schedule:

- The parties shall have **60 days from the date of this order** to engage in limited discovery as to the statute of limitations' applicability.

- Simon & Simon shall have **30 days after the close of limited discovery** to file a dispositive motion as to the statute of limitations.

- Embry shall have **30 days after the filing of Simon & Simon's motion** to file a brief in opposition.

- Simon & Simon shall have **14 days from the filing of Embry's brief in opposition** to file a reply brief.

**IT IS SO ORDERED.**

Date:  November 3, 2022                           s/Michael J. Newman
                                                                Hon. Michael J. Newman
                                                                United States District Judge