UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHN EMBRY, | : | Case No. 3:21-cv-233 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| SIMON & SIMON, P.C., *et al*., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on District Judge Newman's Order of Reference dated November 2, 2023. (Doc. #42). Pursuant to the Order of Reference, the undersigned held oral argument on November 29, 2023 regarding Defendants' request for sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel, John Hui Li ("Mr. Li"). Upon the Court's review of the record, evidence, and arguments of the parties, it is **RECOMMENDED** that Defendants' request for sanctions against Mr. Li be **GRANTED IN PART** and **DENIED IN PART**.

## I.     Background

Mr. Li initially filed this claim on Plaintiff's behalf on December 15, 2020. *See Embry v. Simon & Simon, P.C., et al.*, No. 3:20-cv-496, Doc. #1 (S.D. Ohio Dec. 15, 2020). In his complaint, Plaintiff alleged that Defendants committed legal malpractice by failing to timely sue the correct tortfeasor responsible for his personal injury. *Id.* Ultimately, Plaintiff did not timely

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

serve Defendants and, after he failed to show cause why service was not perfected, the Court dismissed his complaint without prejudice for failure to prosecute. *See id*. at Doc. #s 4, 7.

Plaintiff's complaint was subsequently refiled by Mr. Li on August 26, 2021, and is the subject of the instant suit. (Doc. #1). This time, Plaintiff successfully served Defendants within the time limits prescribed by Federal Rule Civil Procedure 4(m). Unfortunately, Mr. Li did not maintain this regard for timeliness and deadlines through the remainder of the case.

For instance, on October 19, 2021, Defendants filed a motion for judgment on the pleadings, arguing that Plaintiff's claims against them were time-barred by the one-year statute of limitations for legal malpractice and could not be saved by Ohio's saving statute. (Doc. #8, *PageID* #s 95-111). After giving Mr. Li two extensions of time (*see* Notation Orders dated Nov. 2, 2021 and Nov. 30, 2021), the Court issued a show cause order on December 17, 2021, requiring that Plaintiff show cause, on or before December 23, 2021, why Defendants' motion for judgment on the pleadings should not be granted or, in the alternative, file a memorandum in opposition to the motion. (Doc. #13). In response, Mr. Li filed a belated memorandum in opposition to Defendants' motion on Plaintiff's behalf on December 24, 2021. (Doc. #15).

Ultimately, District Judge Newman denied Defendants' motion for judgment on the pleadings (Doc. #8), finding that additional discovery was necessary prior to determining whether Plaintiff's claims were barred by the statute of limitations. (Doc. #18, *PageID* #s 169-70). As a result, Defendants filed a motion to bifurcate, requesting that the Court bifurcate the threshold issue of statute of limitations from the merits of Plaintiff's malpractice claim. (Doc. #23, *PageID* #s 185-87). Once again, the time for Mr. Li to submit Plaintiff's response to Defendants' motion came and went. In order to ascertain Plaintiff's position on bifurcation, the Court issued a show cause order. (Doc. #23). When Mr. Li failed to respond within the timeframe prescribed by this

order, the Court issued another show cause order that also contained a notice that Plaintiff's case could be dismissed if a response was not provided. (Doc. #27, *PageID* #s 197-98). On the final day to respond, Mr. Li indicated that Plaintiff did not oppose bifurcation of the statute of limitations issue. (Doc. #29, *PageID* #200).

As a result, the Court granted Defendant's motion for bifurcation (Doc. #23) as unopposed and set a limited period for discovery and briefing schedule on the applicability of the statute of limitations. (Doc. #30, *PageID* #s 201-03). During this period allotted by the Court, Mr. Li failed to engage in any discovery. That is, Mr. Li did not propound any discovery requests to Defendants on Plaintiff's behalf or respond to the interrogatories, requests for production of documents, or requests for admission that Defendants served on Plaintiff. (Doc. #33-1, *PageID* #s 311-12; Doc. #33-3, *PageID* #367; *see also* Doc. #45, *PageID* #s 542-43).

In similar fashion, when Defendants filed their motion for summary judgment (Doc. #33), Mr. Li missed the deadline to file his memorandum in opposition. (Doc. #41, *PageID* #s 506-07) (citing S.D. Ohio Civ. R. 7.2(a)(2)). In response, the Court granted Mr. Li a short extension of time but instructed him that "[n]o further extensions [would] be granted." (Notation Order dated Feb. 10, 2023). Following this extension, Mr. Li filed Plaintiff's memorandum in opposition – late.

Contemporaneous with this response, Mr. Li also filed a "Motion to Withdraw or Amend Deemed Admissions." (Doc. #37). In this motion, Mr. Li claimed that he "inadvertently failed to calendarize the due date for Defendants' Requests for Admissions" and did not reach out to Defendants' counsel about the failure to respond until January 9, 2023 because of personal illness. (Doc. #37, *PageID* #403). In their reply brief supporting their motion for summary judgment, Defendants also briefed their opposition to Mr. Li's request to amend or withdraw Plaintiff's

3

deemed admissions as well as their request for sanctions against Mr. Li[2] under 28 U.S.C. § 1927. (Doc. #39, *PageID* #s 415-19, 429-30).

Thereafter, District Judge Newman issued an Order, which granted Defendants' motion for summary judgment (Doc. #33) on the basis that Ohio's one-year statute of limitations for malpractice claims barred Plaintiff's lawsuit and ordered that a show cause hearing be held on the issue of whether Defendants' request for sanctions against Mr. Li should be granted. (Doc. #40).[3] District Judge Newman then referred the matter to the undersigned for oral argument and a Report and Recommendation on whether Mr. Li should be sanctioned pursuant to 28 U.S.C. § 1927. (Doc. #42). Accordingly, the Court heard oral argument from Mr. Li and Defendants' counsel, Ms. Sansalone, on November 29, 2023. The only evidence admitted at the hearing that was not already part of the record were invoices of Defendants' attorneys' fees and evidence supporting the reasonableness of those fees.

## II.    **Legal Standard**

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The purpose of § 1927 is 'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Graves v. Standard Ins. Co.*, No. 3:14-CV-558, 2016 WL 3512032, at *8 (W.D. Ky. June 16, 2016) (quoting *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009) (additional citations omitted)). In imposing these sanctions, the Sixth Circuit has

---

[2] Initially, Defendants requested sanctions against Mr. Li and Plaintiff. (Doc. #39, *PageID* #s 429-30). However, at the show cause hearing, Defendants' counsel acknowledged that there was no basis for sanctions against Plaintiff and has since sent a letter to Plaintiff, apologizing for this error. (*See* Doc. #45, *PageID* #s 526-27; Doc. #44-1).
[3] District Judge Newman initially issued this Order on September 27, 2023. (Doc. #40). Two days later, he issued an Amended Order, (Doc.#41), which served only to correct a clerical error. *Compare* Doc. #40 *with* Doc. #41.

adopted an objective test for attorney liability that does not require a finding of subjective bad faith. *Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir. 1986).

Thus, in finding that § 1927 sanctions are warranted, the Court must find that "an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). As a result, courts in the Sixth Circuit have acknowledged that "[p]unishment under the statute is sparingly applied[.]" *Carter v. Hickory Healthcare Inc.*, No. 5:14-CV-2691, 2016 WL 4066635, at *3 (N.D. Ohio July 29, 2016), *adhered to on reconsideration*, No. 5:14-CV-2691, 2016 WL 5807803 (N.D. Ohio Oct. 5, 2016); *Shields v. Nat'l Auto. Sprinkler Ind. Welfare Fund*, No. 3:08-CV-0285-H, 2009 WL 3231380, at *2 (W.D. Ky. Sept. 30, 2009); *Pierzynowski v. Police Dep't of City of Detroit*, 947 F. Supp. 1147, 1151 (E.D. Mich. 1996) (each citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)).

### III. <u>Analysis</u>

As noted above, Defendants initially raised the issue of sanctions against Mr. Li in their "Combined Reply in Support of Motion for Summary Judgment and Brief in Opposition to Plaintiff's Motion to Withdraw or Amend Deemed Admissions, Along with a Request for Sanctions." (Doc. #39).  In asserting that Mr. Li's conduct was worthy of sanctions, Defendants cited to his "pattern of missed deadlines and unreasonable delays, which shows no respect or decorum towards the Court or [Defendants' counsel] …" (Doc. #39, *PageID* #429). In particular, Defendants emphasized Mr. Li's failure to follow Court orders as well as his failure to timely file his briefs and respond to discovery. *Id*. at 429-30. According to Defendants, Mr. Li's "careless approach to this lawsuit is unacceptable, resulting in increased fees and costs for the Defendants

5

as a result of opposing counsel's conduct in repeatedly failing to meet established deadlines and refusing to abide the Federal Civil Rules of Procedure." *Id*. at 430.

These sentiments were echoed by Defendants' counsel at the show cause hearing held on November 29, 2023. Specifically, Defendants' counsel stressed how Mr. Li consistently missed deadlines in this case and how the Court had to issue a total of five separate show cause orders because of Mr. Li's conduct in both the initial filing of this suit and the current filing. (*See* Doc. #45, *PageID* #s 534-38). In response, Mr. Li acknowledged that he made "so many mistakes" in this case, but argued that, apart from missing the discovery deadline and filing his Motion to Withdraw or Amend Deemed Admissions, he did not believe he caused the Defendants to expend additional unnecessary legal costs. *See id.* at 541-45.

In reviewing the record, the undersigned agrees that Mr. Li's handling of this case has been unacceptable. This fact appears to be undisputed. In his own words, Mr. Li admitted that this case was "an embarrassment" and that he proceeded through this case by "burying [his] head in the sand" and that his "decision will haunt him." (Doc. #45, *PageID* #s 538, 541, 543). As a result, the record supports a finding that Mr. Li's conduct "f[e]ll[] short of the obligations owed by a member of the bar to the court[.]" *Holmes*, 78 F.3d at 1049 (quoting *In re Ruben*, 825 F.2d at 984).

The question remains, however, what cost must Mr. Li pay for his conduct? Summary judgment has already been granted against Mr. Li's client. Additionally, Mr. Li now potentially faces his own liability for legal malpractice. Yet, to impose a sanction under 28 U.S.C. § 1927, Mr. Li's conduct must have also "cause[d] additional expense to the opposing party." *See Holmes*, 78 F.3d at 1049 (quoting *In re Ruben*, 825 F.2d at 984). Indeed, as set forth above, to support an award of sanctions against an attorney under Section 1927, a court must find that Mr. Li's actions

6

"multiplie[d] the proceedings vexatiously and unreasonably" resulting in "excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

As outlined above, the basis for Defendants' request for sanctions boils down to Mr. Li's "pattern of missed deadlines and unreasonable delays." (Doc. #39, *PageID* #429). Significantly, however, Defendants do not explain how Mr. Li's conduct either "multiplie[d] the proceedings vexatiously and unreasonably" or caused them to incur "excess costs, expenses and attorneys' fees[,]" both of which are required under the statute. *See* 28 U.S.C. § 1927. In fact, the general consensus is that Mr. Li did very little to prosecute this case. Stated differently, while Mr. Li's conduct has certainly resulted in prolonging the overall length of this case, the evidence that he multiplied the proceedings—thereby causing the opposing party to incur excess costs—is less apparent. On the contrary, it was the Court, not opposing counsel, who most frequently bore the costs of calling out Mr. Li's dilatory conduct. As pointed out by Defendants' counsel, between the initial filing and re-filing of this case, Mr. Li's conduct has resulted in the Court issuing five show cause orders, including the instant show cause order regarding the imposition of sanctions. (*See* Transcript, Doc. #45, *PageID* #534; *Embry*, No. 3:20-cv-496, Doc. #4 (S.D. Ohio Mar. 17, 2021); Doc. #s 13, 26, 27, 43). Notably, while the show cause orders issued in the instant case demonstrate Mr. Li's general lack of diligence, a review of the circumstances under which they were ordered does not support imposition of sanctions under the strictures of 28 U.S.C. § 1927.

For instance, the first show cause order was issued when Mr. Li failed to timely respond to Defendants' motion for judgment on the pleadings (Doc. #8). (Doc. #13). As a result, the Court issued an order that required Plaintiff to show cause, within seven days, why the motion should not be granted or, in the alternative, file a memorandum in opposition to Defendants' motion. *Id.* at 124. In response, Mr. Li filed, albeit untimely, a memorandum in opposition. (Doc. #15).

7

Notably, however, the record does not reflect any additional proceedings or actions taken by Defendants as a result of Mr. Li's lack of timeliness. Thus, there is no evidence to support a finding that Mr. Li's untimely response to the motion for judgment on the pleadings resulted in a multiplication of *proceedings*, causing *Defendants* to incur excess costs and expenses because of such conduct. *See* 28 U.S.C. § 1927.

Similarly, the next two show cause orders were issued by the Court when Mr. Li did not respond to the Defendants' motion to bifurcate (Doc. #23). In both instances, the Court ordered Mr. Li to show cause why the motion should not be granted or to otherwise file his memorandum in opposition. (Doc. #s 26, 27). Like the first show cause order, the Defendants had no obligation to respond and, in fact, did not take any action on the record as a result of the show cause orders or Mr. Li's delayed response. Further, when Mr. Li did respond, he indicated that Plaintiff did not oppose Defendants' motion to bifurcate. (Doc. #29). Accordingly, while Mr. Li's belated conduct was certainly not the model of professionalism, it does not appear that his failure to timely respond resulted in additional proceedings or Defendants' incurring any excess costs.

In fact, if anything, Plaintiff's eventual decision to not oppose Defendants' motion to bifurcate saved Defendants' additional costs in the form of the expenses associated with briefing a reply memorandum in support of bifurcation as well as the expenses related to the additional discovery that would have been necessary had bifurcation not been granted. Additionally, given the circumstances, Defendants' motion to bifurcate was arguably a motion covered by S.D. Ohio Civ. R. 7.3(b), which would have required Defendants to first attempt to obtain Plaintiff's consent prior to filing the motion to bifurcate, which, in turn, could have saved any additional time and/or expense that was incurred by Mr. Li's untimely response and the issuance of the show cause

8

orders.[4] In short, while Mr. Li's untimely response to the motion to bifurcate did cause the Court to issue two show cause orders, there is no evidence to suggest that his conduct served to multiply *proceedings*, resulting in *Defendants* incurring excess costs and expenses because of such conduct. *See* 28 U.S.C. § 1927.

Indeed, a review of the record as a whole reveals that Mr. Li's conduct served to unnecessarily prolong the overall length of this case. Despite this, Defendants have not specifically identified how this conduct translated into a multiplication of proceedings along with excess fees and costs. The exception to this, however, was Mr. Li's filing of the Motion to Withdraw or Amend Deemed Admissions (Doc. #37). Unlike the other delays and missed deadlines complained of by Defendants, Mr. Li's attempt to correct his earlier mistakes by filing this motion did cause additional work and fees for Defendants in responding to this motion. Here, even Mr. Li acknowledged that "missing the deadline for the discovery and filing the motion to withdraw those admissions did create extra effort on their part …." (Doc. #45, *PageID* #545). Further, by filing this motion after the discovery deadline and after Defendants filed their dispositive motion when he had already failed to engage in any discovery at all demonstrates a degree of conduct that objectively "falls short of the obligations owed by a member of the bar to the court[.]" *Holmes*, 78 F.3d at 1049 (quoting *In re Ruben*, 825 F.2d at 984). In other words, Mr. Li's conduct in filing the Motion to Withdraw or Amend Deemed Admissions under these circumstances, while not in bad

---

[4] S.D. Ohio Civ. R. 7.3 provides:
(a) Motions for Extension of Time. Prior to filing any motion for an extension of time, counsel shall consult with all parties (except prisoners appearing pro se) whose interests might be affected by the granting of such relief and solicit their consent to the extension. The motion shall affirmatively state that such consultation has occurred or was attempted in good faith and shall state whether the motion is unopposed. If the extension is not opposed, the movant should submit a proposed order to the Court in the form prescribed by S.D. Ohio Civ. R. 7.4.
(b) Other Motions. A party filing any other type of motion to which other parties might reasonably be expected to give their consent (such as a motion to amend pleadings, for leave to file a document instanter, for voluntary dismissal of a complaint or counterclaim, or to correct an electronic filing involving a technical error in using the ECF system) shall comply with the procedure set forth in S.D. Ohio Civ. R. 7.3(a) before filing such motion.

faith, was unreasonable and vexatious. *See id*. Thus, since Mr. Li's unreasonable and vexatious conduct served to multiply the proceedings in this case, resulting in Defendants incurring excess costs and expenses, sanctions under 28 U.S.C. § 1927 should be imposed. *See id*; *see also* 28 U.S.C. § 1927.

Notwithstanding the foregoing, the undersigned does not find that Mr. Li's conduct in filing the Motion to Withdraw or Amend Deemed Admissions warrants a wholesale reimbursement of Defendant's litigation costs as Mr. Li's sanction. Instead, the Court **RECOMMENDS** that Mr. Li be sanctioned in the amount that is directly attributable to his unreasonable and vexatious conduct that resulted in a multiplication of proceedings and excess costs and expenses incurred by Defendants. *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 645 (6th Cir. 2009) (quoting *Ridder v. City of Springfield,* 109 F.3d 288, 299 (6th Cir. 1997) ("An attorney may be held liable under 28 U.S.C. § 1927 'solely for excessive costs resulting from the violative conduct.'")). Specifically, the undersigned finds that Mr. Li should be sanctioned by the amount in costs, expenses, and attorneys' fees incurred by Defendants as a result of reviewing and responding to Mr. Li's Motion to Withdraw or Amend Deemed Admissions (Doc. #37).

While Defendants did submit evidence in support of their attorneys' fees, the delineation of how much was incurred because of the Motion to Withdraw or Amend Deemed Admissions is not readily apparent since some of the time entries were also devoted to Defendant's reply in support summary judgment. Additionally, the undersigned finds that Mr. Li should have an opportunity to respond to the reasonableness of the amount claimed by Defendants. Accordingly, if this Report and Recommendation is adopted, the undersigned further **RECOMMENDS** that Defendants be **DIRECTED** to file a memorandum delineating the costs, expenses, and attorneys' fees reasonably incurred by Defendants as a result of the Motion to Withdraw or Amend Deemed

Admissions (Doc. #37). Thereafter, Mr. Li should be permitted 14 days to respond to Defendants' memorandum in support of the sanction amount. Absent court order, no further briefing on this issue will be permitted.

### IV.     Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' request that Mr. Li be sanctioned under 28 U.S.C. § 1927 be **GRANTED** to the extent that the Defendants' incurred excess costs, expenses, and attorneys' fees because of Mr. Li's filing of the Motion to Withdraw or Amend Deemed Admissions (Doc. #37). To the extent that Defendants seek additional reimbursement of their litigation costs because of Mr. Li's general pattern of missed deadlines and delay, their request should be **DENIED**.

<b>IT IS THEREFORE RECOMMENDED THAT</b>:

1. Defendants' request for sanctions against Mr. Li be **GRANTED IN PART** and **DENIED IN PART**; and

2. Defendants be **DIRECTED** to submit, **within 14 days of any Decision and Entry adopting this Report and Recommendation**, a memorandum delineating the costs, expenses, and attorneys' fees reasonably incurred by Defendants as a result of the Motion to Withdraw or Amend Deemed Admissions (Doc. #37). Thereafter, **Mr. Li shall have 14 days to respond** to Defendants' memorandum in support of the sanction amount.

December 27, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).