UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN EMBRY,

    Plaintiff,

vs.

SIMON & SIMON, P.C., *et al.*,

    Defendants.

Case No. 3:21-cv-233

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

_____

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO STRIKE (Doc. No. 50); (2) GRANTING FEES AND COSTS TO DEFENDANTS IN THE AMOUNT OF $3,670.00; (3) REQUIRING MR. HUI LI TO PAY DEFENDANTS $3,670.00 WITHIN FOURTEEN (14) DAYS; AND (4) TERMINATING THIS CASE ON THE DOCKET**

_____

    This case is before the Court on Plaintiff's motion to strike (Doc. No. 50). In a previous Order, the Court issued sanctions against Plaintiff's counsel and directed Defendants to submit a memorandum delineating all costs reasonably incurred from Plaintiff's motion to withdraw or amend deemed admissions. *See* Doc. No. 48. Defense counsel subsequently filed an affidavit and attached exhibits demonstrating to the Court the costs associated with that motion are $3,670.00. Doc. No. 49.

    Now, Plaintiff wishes to strike Defendants' affidavit of costs, arguing that (1) the affidavit is contrary to the Court's previous order directing defense counsel to file a memorandum of costs, and (2) the requested sum of $3,670.00 is unreasonable. Doc. No. 50. Defendants filed a memorandum in opposition to the motion to strike. Doc. No. 51. The motion is now ripe for review.

    While it is true that the Court directed defense counsel to file a memorandum and an affidavit was filed instead, Plaintiff's argument takes the Court's instructions too literally. The

purpose of the memorandum was to establish, to a reasonable degree of certainty, the costs and fees associated with Plaintiff's motion to withdraw or amend deemed admissions.  *See* Doc. No. 48.  Defense counsel's affidavit, with the attached exhibits, does just that and aligns with the Court's instructions.  Doc. No. 49.

The question here is not whether Plaintiff will be paying fees and costs to Defendants—the Court already decided as much in the previous Order adopting the United States Magistrate Judge's Report and Recommendation.  Doc. Nos. 46, 48.  Instead, the question is how much money Plaintiff is obligated to pay Defendants.  Doc. No. 48.  Plaintiff suggests $500 (*see* Doc. No. 50 at PageID 585), but the breakdown of Defendants' attorneys' fees on counsel's billing sheets demonstrate that the requested amount of $3,670.00 was reasonably incurred because of Mr. Li's conduct.  *See* 28 U.S.C. § 1927; Doc. No. 49 at PageID 574; Doc. No. 49-1 at PageID 576, 579.  While the document filed may not have been a literal memorandum, it sufficed to establish the costs, and Plaintiff's request to strike the affidavit from the record merits denial.

Accordingly, the Court hereby: (1) **DENIES** Plaintiff's motion to strike (Doc. No. 50); (2) **GRANTS** fees and costs to Defendants in the amount of $3,670.00; (3) **ORDERS** Plaintiff's attorney, Hui Li, to promptly pay this amount to Defendants (*i.e.*, in fourteen (14) days or less); and (4) **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**

    July 9, 2024                                              s/ Michael J. Newman
                                                                        Hon. Michael J. Newman
                                                                        United States District Judge